**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRETEL NOEMI GARCIA-GONZALEZ, AKA Gretel Gonzalez-Villatoro and HUGO VILLATORO-GARCIA, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   14-74013 <br><br> Agency Nos.   A200-833-733 <br> A200-705-007 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2017**
Pasadena, California

Before:  CALLAHAN and BEA, Circuit Judges, and WHALEY,*** District Judge.

Petitioners, Gretel Noemi Garcia-Gonzalez and her son Hugo Villatoro-

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

Garcia, are natives and citizens of Guatemala. They seek review of an order of the Board of Immigration Appeals (BIA) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners argue they are eligible for asylum and withholding of removal under the Immigration and Nationality Act because they are members of a "particular social group" and have a well-founded fear of persecution on account of their membership in that group. *See* 8 U.S.C. §§ 1101(1)(42)(A) (asylum), 1231(b)(3) (withholding of removal). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.[1]

Petitioners assert they are members of a "particular social group" consisting of people who refuse to assist gang members in their criminal enterprises. In the agency proceedings, they offered evidence of violence and threats which they and their family members faced after refusing to assist gang members in various criminal enterprises. Citing *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), and *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013), Petitioners argue the BIA erred in rejecting their proposed social group without conducting a fact specific analysis. We disagree.

In addition to analogizing Petitioners' proposed social group to others that

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues of the petition for review.

have been rejected as particular social groups, the BIA expressly found no evidence in the record indicating that Guatemalan society views people who refuse to assist in gang criminal activity as a distinct social group. *See Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014) ("To have the 'social distinction' necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group."), *vacated in part on other grounds by Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016). Our own review of the record confirms such a lack of evidence, and the BIA's citations to *Henriquez-Rivas*, *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-* further suggest the BIA understood and applied the proper standard. Petitioners' failure to provide the appropriate evidentiary support is dispositive. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("[P]etitioners have not supported their proposed social group of those returning home [to Mexico] who *appear* to be American with evidence that supports a favorable determination under the various factors we consider in determining whether a proposed group is narrowly tailored.").

Because Petitioners did not show they were members of a cognizable particular social group, we need not address the BIA's alternative holding that Petitioners failed to show a nexus between their membership in the specified

particular social group and the basis of the feared persecution.[2]

**PETITION DENIED.**

---

[2]     Although Petitioners sought CAT relief in the agency proceedings, their petition for review challenges only the denial of asylum and withholding of removal.