
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAYSI LETICIA DOMINGUEZ DE LUCANO; DANIEL ANTONIO LUCANO DOMINGUEZ, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-72644 <br><br> Agency Nos. A200-571-823 <br> A200-571-824 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2018[**]
San Francisco, California

Before:     TASHIMA, RAWLINSON, and WATFORD, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Daysi Leticia Dominguez de Lucano,[1] a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's denial of asylum and withholding of removal because petitioner failed to show she was persecuted on account of a protected ground. First, although petitioner was threatened with extortion and violence by gangs, it was not on account of her membership in a particular social group. Generalized violence cannot support an asylum claim on the basis of a protected ground, *see Zetino*, 622 F.3d at 1016, and the BIA properly rejected the possible social groups of "wealthy Salvadorans" or "returnees" from the United States to El Salvador. *See Reyes v. Lynch*, 842 F.3d 1125, 1138-40 (9th Cir. 2016) (rejecting "deportees from the United States to El Salvador" as a particular social group); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (rejecting

---

[1]     Petitioner's son, Daniel Antonio Lucano Dominguez, is listed as a derivative beneficiary on her asylum application.

perceived wealth as a social group). Second, to the extent that petitioner alleges she was persecuted by her husband on account of her status as a married woman unable to leave her relationship, substantial evidence supported the BIA's decision to dismiss, as petitioner has been separated from her husband since 2008—at least three years before she came to the United States seeking asylum.

Substantial evidence also supports the BIA's conclusion that petitioner failed to demonstrate a clear probability she will be tortured by the government or with the government's acquiescence if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).

Accordingly, petitioner's asylum, withholding of removal, and CAT claims fail.

**PETITION FOR REVIEW DENIED.**