**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MANUEL SERRATO-SAPIEN, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 14-71274 Agency No. A078-456-451 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Victor Manuel Serrato-Sapien, a native and citizen of Mexico, petitions for review of the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statues and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The BIA did not err in finding that Serrato-Sapien did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group).

**PETITION FOR REVIEW DENIED.**