**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARIES GUADALUPE VILLA BUELNA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71098 Agency No. A087-918-526 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2020[**]

Before: HAWKINS, GRABER, and BYBEE, Circuit Judges.

Aries Guadalupe Villa Buelna, a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals' ("BIA") order affirming an immigration

judge's ("IJ") denial of withholding of removal and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").[1]  Villa Buelna fears persecution by unidentified extortionists whom she believes are responsible both for her brother's murder in a drive-by shooting and for threatening phone calls made before and after her brother's death.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's finding that Villa Buelna failed to demonstrate probable persecution attributable to her family ties.  *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *see also Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019) (reviewing denial of withholding for substantial evidence).  Only Villa Buelna's aunt and brother received threats, the most recent of which occurred in early 2010, and her aunt did not experience additional problems after relocating to another town in Mexico.  *See Lanza v. Ashcroft*, 389 F.3d 917, 934–35 (9th Cir. 2004) (crediting temporal remoteness of persecution and safety of similarly situated family members as substantial evidence).  Nothing in the record suggests her mother and sister, both of whom reside in Mexico, received similar threats.  *See id.*; *see also Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (considering threatened family members' safety in petitioner's home country "especially significant").  Indeed, Villa Buelna agreed that living in a different part of Mexico would allow her to avoid the harm she fears.  *See Gonzalez-Medina v.*

---

[1] Villa Buelna conceded at her hearing that she was statutorily time-barred from applying for asylum.  *See* 8 U.S.C. § 1158(a)(2)(B).

*Holder*, 641 F.3d 333, 338 (9th Cir. 2011) ("An applicant for withholding of removal cannot establish that it was more likely than not that she would be subject to future persecution 'if the applicant could avoid persecution by relocating to another part of the [proposed country of removal].'" (alteration in original) (quoting 8 C.F.R. § 1208.13(b)(2)(ii))). Meanwhile, her brother's apparent involvement in illegal activity suggests that the extortionists were otherwise motivated or that his murder was unrelated to the extortion demands. Those facts do not compel a finding that any persecution likely to be endured by Vila Buena would be on account of her family ties. *See* 8 U.S.C. § 1252(b)(4)(B) (stating "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

These considerations also support the agency's denial of CAT relief. *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1); *see also Lanza*, 389 F.3d at 936 (requiring "particularized threat of torture, rather than any other form of persecution" (citation omitted)). As does the absence of evidence suggesting the extortionists acted as, at the behest of, or with the consent or acquiescence of Mexican officials. *See* 8 C.F.R. § 1208.18(a)(7) ("Acquiescence . . . requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."). And the evidence of general police corruption and inadequate enforcement, while serious,

stops short of showing a threat particular to Villa Buelna.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their [CAT] burden.").

**PETITION DENIED.**