**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PIN SIN DONG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-72082

Agency No. A097-340-190

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2020[**]
Pasadena, California

Before:  RAWLINSON and HUNSAKER, Circuit Judges, and ENGLAND,[***]
District Judge.

Petitioner Pin Sin Dong (Dong), a citizen of China, petitions for review of

the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

the denial of her applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT).

**1.** Substantial evidence supports the BIA's determination that Dong failed to establish that her suffering rises to the level of past persecution. *See Al Ramahi v. Holder*, 725 F.3d 1133, 1138 (9th Cir. 2013) (applying the substantial evidence standard). "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation and internal quotation marks omitted). As the BIA pointed out, Dong's persecution claim is based on a single incident "in 2003 [when] police in China arrested and interrogated her, shouted at her, beat her, pulled her hair, and detained her for about 48 hours after she rented space in her warehouse to members of Falun Gong for their practice."

This single incident was not sufficiently extreme to constitute persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (holding that a brief detention, beating, and interrogation did not rise to the level of persecution); *see also Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (concluding that a beating while jailed for a brief interrogation did not rise to the level of persecution).

**2.** Substantial evidence also supports the BIA's finding that Dong "has not shown that she has a well-founded fear of future persecution in China on account

of a protected ground." *See Duran-Rodriguez*, 918 F.3d at 1029 ("Absent evidence of past persecution, [an applicant] must establish a well-founded fear of future persecution . . .") (citation omitted). Despite Dong's claim that authorities "sought her whereabouts" shortly after she fled China, she failed to establish that Chinese authorities are still interested in her over thirteen years after the last inquiry into her whereabouts.[1]

Dong's claim is further undermined by the fact that Dong's husband and daughter remain in China unharmed. *See Pagayon v. Holder*, 675 F.3d 1182, 1190–91 (9th Cir. 2011) (per curiam).

**3.** Because Dong failed to meet her burden of establishing eligibility for asylum, she necessarily fails to meet the higher burden of proof required for withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

**4.** Substantial evidence supports the denial of CAT relief because Dong failed to demonstrate that it is more likely than not she will be subjected to torture if returned to China. *See Singh v. Whitaker*, 914 F.3d 654, 662-63 (9th Cir. 2019)

---

[1]Despite Dong's contention that she was prevented from submitting additional evidence on this issue to the agency, she has yet to reveal what that additional evidence would have been.

(noting that the petitioner bears the burden of demonstrating the likelihood of torture).

Although the country reports in the record indicate that the Chinese Government targets members of Falun Gong for persecutory harm, Dong is not a Falun Gong member, nor did she establish that she would be targeted in China in the future for renting to Falun Gong members in the past. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (stating that "the petitioner must demonstrate that he would be subject to a *particularized threat* of torture") (citation and internal quotation marks omitted) (emphasis in original).

**PETITION DENIED.**