**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FERNANDO FONESCA-FLORES, AKA Fernando Fonseca-Flores, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-70933 <br><br> Agency No. A204-839-936 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2021**
Pasadena, California

Before:  GRABER, CALLAHAN, and FORREST, Circuit Judges.

Petitioner Fernando Fonesca-Flores, a citizen of Mexico, challenges the Board

of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration

Judge's (IJ) denial of his applications for asylum, withholding of removal, and relief

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT). "We examine the BIA's legal conclusions de novo and its factual findings for substantial evidence." *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (internal quotation marks and citation omitted). The petition is dismissed in part and denied in part.

1.      We lack jurisdiction to address Fonesca-Flores's arguments that the agency erred in concluding that his asylum application was time barred because the BIA did not rely on this reason to dismiss his appeal. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020) ("Our review is limited to those grounds explicitly relied upon by the [BIA]." (modification in original) (citation omitted)). We have jurisdiction over the remaining issues under 8 U.S.C. § 1252.

2.      The BIA did not err in affirming the IJ's denial of asylum and withholding of removal. The BIA correctly found that two of Fonesca-Flores's proposed social groups are not cognizable. We have previously rejected his first proposed group—"pochos," or Americanized Mexicans. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam). And while we have recognized that testifying against gang members could be the basis for a cognizable social group, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091–93 (9th Cir. 2013) (en banc), Fonesca-Flores's second proposed group—persons perceived to be snitches—is distinguishable.

2

The group in *Henriquez-Rivas* were "those *who had testified against* M–18 gang members in open court, and thus, can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Id.* at 1093 (internal quotation marks and citation omitted). Here, Fonesca-Flores cooperated with law enforcement to testify about a crime that occurred in the United States and did not involve known gang members. The individuals he fears—gang members who were in detention with him—are not the same people whom he testified against. Therefore, the group is not a discrete class of persons as in *Henriquez-Rivas*.

Fonesca-Flores's last social group—familial membership—is cognizable, *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018), but substantial evidence supports the BIA's conclusion that his family members were not targeted *because* of their familial relationship. Rather, his family suffered harm because of general violence and criminals' desire for pecuniary gain.

3.      Finally, the BIA did not err in affirming the denial of relief under the CAT. While the country conditions reports indicate that Mexico struggles with controlling gang violence, substantial evidence supports the BIA's finding that Fonseca-Flores failed to demonstrate that it is more likely than not that the harm he fears would be inflicted by a government actor or by someone that the government

is unable or unwilling to control. *See* 8 C.F.R. § 1208.18(a)(1); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**