**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINO PLAYAS-SERRANO, AKA Lino Playas Serrano, AKA Juan Carlos Salgado, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-70952 <br><br> Agency No. A200-154-205 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Lino Playas-Serrano, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the BIA's denial of a motion to reopen.  *Perez v. Mukasey*,

___

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

516 F.3d 770, 773 (9th Cir. 2008).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Playas-Serrano's untimely and number barred motion to reopen based on changed country conditions where he failed to establish prima facie eligibility for relief.  *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) ("A motion to reopen will not be granted unless the respondent establishes a prima facie case of eligibility for the underlying relief sought."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  We lack jurisdiction to consider Playas-Serrano's claim based on his family's landownership and his eligibility for CAT relief.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised to BIA).

We reject as unsupported by the record Playas-Serrano's contentions that the BIA ignored evidence or otherwise erred in its analysis of his motion.

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**

19-70952