**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS RAMIREZ-MUNOZ and MARIA BEATRIZ ADRIANA FRANCIA-ALVAREZ, *Petitioners*, | No. 12-70870 Agency Nos. A075-759-498 A075-759-499 |
| v. | |
| LORETTA E. LYNCH, Attorney General, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2016[*]
San Francisco, California

Filed March 21, 2016

Before: J. Clifford Wallace, Barry G. Silverman,
and Morgan B. Christen, Circuit Judges.

Opinion by Judge Wallace

---

[*] At the request of the parties, we removed this case from our argument calendar on September 28, 2015. We were advised by the parties that the case could be calendared on November 6, 2015. The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied a petition for review of the Board of Immigration Appeals' order denying an untimely and numerically barred motion to reopen removal proceedings in a case in which Mexican citizens asserted a fear of persecution based on their membership in a social group comprised of "imputed wealthy Americans."

The panel held that the Board did not abuse its discretion in denying the motion because petitioners failed to establish prima facie eligibility for asylum or withholding of removal relief or changed country conditions to warrant an exception to the time and number limitations on their motion.

The panel held that petitioners' proposed social group is not cognizable because it lacks particularity or a discrete class of persons recognized by Mexican society as a particular social group.

The panel concluded that petitioners failed to establish changed country conditions in Mexico because the evidence does not point to either actual or imputed wealthy Americans as the targeted class of victims of increased violence.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kari E. Hong, Law Offices of Kari E. Hong, Oakland, California, for Petitioners.

Stuart F. Delery, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Andrew Oliveira, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

**OPINION**

WALLACE, Circuit Judge:

Petitioners Juan Carlos Ramirez-Munoz and Maria Beatriz Adriana Francia-Alvarez petition for review of the Board of Immigration Appeals' (Board) decision to deny the motion to reopen their applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT).

I.

Petitioners are a married couple and are both natives and citizens of Mexico. Ramirez-Munoz last entered the United States without a visa in 1999, and Francia-Alvarez last entered without inspection in 1990. Petitioners have two biological United States citizen children and one "informally adopted" United States citizen child. The Board correctly held that an informally adopted child is not considered a "child" under the Immigration and Nationality Act, and thus is not proper for consideration in removal proceedings. 8 U.S.C. § 1101(b)(1).

Petitioners seek asylum, withholding of removal, and relief under the CAT based on a claim that they are members of a particular social group, "imputed wealthy Americans," and will be persecuted and tortured if removed to Mexico due to membership in the social group. The IJ denied their application in 2003. The Board found petitioners removable and denied their fourth motion to reopen on March 2, 2012, on the grounds that Petitioners' motion was time and number-barred because they failed to demonstrate prima facie eligibility for asylum based on changed country conditions.

Petitioners argue that the Board did not consider their proposed particular social group, "imputed wealthy Americans," as a group distinct from the proposed group rejected in *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1153 (9th Cir. 2010). They contend that because they are light-skinned, fit, and have American mannerisms or accents, their family will be perceived as wealthy Americans in Mexico, and thus will become targets for kidnaping or torture. Petitioners assert that they are not actually wealthy, but the appearance of wealth will endanger them. Petitioners also introduced evidence of changed country conditions in Mexico, indicating a recent increase in violence in Mexico, in an attempt to overcome the time and number bar to their motion to reopen.

## II.

We review the Board's denial of a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). A motion to reopen will not be granted unless the respondent establishes a prima facie case of eligibility for the underlying relief sought. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003).

Prima facie eligibility for asylum relief is met when an alien demonstrates he is unwilling or unable to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).

We have defined a particular social group as "one united by a voluntary association, including a former association, *or* by an innate characteristic that is so fundamental to the identities or consciences of its members that members either cannot or should not be required to change it." *Hernandez-Montiel v. INS*, 225 F.3d 1084, 1093 (9th Cir. 2000), *overruled on other grounds by Thomas v. Gonzales*, 409 F.3d 1177, 1187 (9th Cir. 2005) (en banc). Examining the criteria for "particularity," we more recently held that the critical question is whether the group "would be recognized, in the society in question, as a discrete class of persons." *Henriquez-Rivas v. Holder*, 707 F.3d 1089, 1091 (9th Cir. 2013) (en banc), *quoting Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (BIA 2008).

The Board relied on our decision in *Delgado-Ortiz*, which discredited the proposed social group "Mexicans returning home from United States" as overly broad and therefore insufficient to merit asylum protection. 600 F.3d at 1150. Petitioners argue that the Board ignored the distinction between *Delgado-Ortiz* and its own "discrete" proposed group where the Board found that they are not "members of a particular social group that will be targeted for violent crime due to their long-term residence in the United States and the acquisition of American mannerisms and accents."

*Delgado-Ortiz* did not expound on the reasons for which Mexicans returning home from the United States might be targets of violent crime, although the anecdotal evidence described in that case points to the persecutors' likely motivation as monetary gain, where victims were robbed and burglarized upon return to Mexico. *Id.* at 1151. The distinction appears to be a matter of semantics in this case. Perceived wealth due to American appearance was not explicitly at issue in *Delgado-Ortiz*, and Petitioners now seek to distinguish a particular social group that is a discrete subset of Mexicans returning home from the United States: those who have the physical appearance and mannerisms of Americans. Yet, petitioners provide insufficient evidence to support their claim that their alleged American appearance will make them targets for violent crimes upon return to Mexico any more than the populace at large. The evidence submitted in support of changed circumstances includes both American and Mexican victims of financial means, and the other evidence in the form of news reports does not mention wealth as the perpetrators' primary motive. Rather, the evidence shows a generalized increase in violence in Mexico, as held by the Board.

We agree with the Board's determination in this case that Petitioners have not established that they are part of a narrowly defined or cognizable particular social group, and we hold that the proposed group of "imputed wealthy Americans" is not a discrete class of persons recognized by society as a particular social group. *Henriquez-Rivas*, 707 F.3d at 1091. Nor is the proposed group sufficiently particular that it can be described with passable distinction that the group would be recognized as a discrete class of persons. *Id.* at 1090. Starting from *Delgado-Ortiz*'s holding that "Mexicans returning home from the United States" was

overly broad, we conclude that petitioners have not supported their proposed social group of those returning home who *appear* to be American with evidence that supports a favorable determination under the various factors we consider in determining whether a proposed group is narrowly tailored. As we outlined recently en banc, such factors include, among others, social visibility – a group's "perception by a society" – and particularity – the ability to describe a group "in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons." *Id.* at 1089–91. As to particularity, which is a key factor in Petitioners' argument to distinguish their proposed group, although it is possible that the perception of the persecutors "may matter most" in determining particularity of a group, "[i]f a persecutor does not actually rely on specific boundaries or definitions to identify the group, it may be more difficult to believe that a collection of individuals is in fact perceived as a group." *Id*. at 1091.

## III.

Petitioners' evidence of changed country conditions does not point to either actual or imputed wealthy Americans as the targeted class of victims of increased violence. To establish changed country conditions, petitioners must demonstrate that "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). The evidence submitted by petitioners points to troubling accounts of violence and kidnaping in Mexico, but in the aggregate it does not specifically show that violent individuals are targeting Americans or even wealthy individuals. A *Washington Post* article Petitioners rely on

specifically discusses kidnappings where "well-to-do Mexican families" are also targeted. The same article states that Mexican gangs "prey mostly on Mexicans or other Latin Americans" because the Federal Bureau of Investigation may get involved if a United States citizen is kidnapped. In short, petitioners did not meet their burden of showing that persons appearing to be American have been, or will be, presumed wealthy and targeted as a result. We agree with the Board that although violent crimes appear to have increased since the prior motion to reopen, the evidence does not constitute changed circumstances such that any potential harm would be attributed to a statutorily-protected ground.

IV.

A petitioner who fails to satisfy the lower standard of proof for asylum  necessarily fails to satisfy the more stringent standard for withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). With regard to the CAT claim, Petitioners must establish it is more likely than not they would be tortured if removed to Mexico. Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden. *Delgado-Ortiz*, 600 F.3d at 1152.

Because the petitioners have not shown that the Board abused its discretion, the petition for review is **DENIED**.