**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIO ERNESTO GOMEZ-ALVARENGA,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　Respondent. | No.　14-70603<br><br>Agency No. A095-140-956<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 9, 2017
Pasadena, California

Before:　WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

　　The Board of Immigration Appeals (BIA) did not abuse its discretion in

denying Lucio Gomez-Alvarenga's motion to reopen his proceedings or to

reconsider his prior motion to remand to the immigration judge.

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Both motions to reopen and motions to remand must establish a prima facie showing of eligibility for the underlying relief sought in order to be granted. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016); *Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015). For Gomez-Alvarenga to be eligible for temporary protected status, his felony conviction barring that relief under 8 U.S.C. § 1254a(c)(2)(B) must have been vacated for reasons related to the merits of the underlying criminal proceedings, as opposed to rehabilitative or immigration reasons. *See Matter of Marroquin-Garcia*, 23 I. & N. Dec. 705, 713 (A.G. 2005). Yet neither Gomez-Alvarenga's motion to reopen nor his motion to remand alleged that his felony conviction was vacated for reasons related to the merits of the underlying criminal proceedings. The BIA could not be expected to infer that allegation from his newly submitted evidence, which indicates only that the conviction was vacated in furtherance of justice under California Penal Code § 1385, a provision encompassing a broad range of reasons for relief. *See People v. Superior Court (Romero)*, 917 P.2d 628, 648 (Cal. 1996). Gomez-Alvarenga's motion to reopen and his motion to remand thus failed to make a prima facie showing that he is entitled to the underlying relief sought.

**PETITION DENIED.**