**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ENRIQUE GERVACIO-LUCAS,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No. 14-72087

Agency No. A205-396-459

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 9, 2017
Pasadena, California

Before: THOMAS, Chief Judge, KOZINSKI, Circuit Judge, and KORMAN,[**] District Judge.

## I. Asylum and Withholding of Removal

Gervacio-Lucas argues that he should have been granted asylum or

withholding of removal based on his membership in a particular social group,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

namely, "person[s] with access to money from having lived in the United States whose wealth could be extracted through kidnapping or other forms of extortion." This argument fails. We recently rejected a social group virtually indistinguishable from the one proposed here. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016). As in that case, Gervacio-Lucas "provide[d] insufficient evidence to support [his] claim that [his] alleged American appearance will make [him a] target[] for violent crimes upon return to [Guatemala] any more than the populace at large." *Id.* at 1229.

Gervacio-Lucas also argues that, because the current standard for evaluating social groups did not apply at the time of his removal hearing, he was not aware of the need to provide evidence supporting the social distinction of his proposed group. The premise of this argument is incorrect. Although the BIA has periodically refined its standard for social groups, it has long required evidence supporting the social visibility (recently renamed "social distinction") of an alien's proposed group. *See, e.g.*, *In re A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 74–75 (BIA 2007).

Gervacio-Lucas's remaining arguments in support of his asylum claim are without merit. And because Gervacio-Lucas "fails to satisfy the lower standard of proof for asylum," he "necessarily fails to satisfy the more stringent standard for

withholding of removal" based on his membership in a particular social group. *Ramirez-Munoz*, 816 F.3d at 1230 (citation omitted).

## II.  Convention Against Torture

Gervacio-Lucas argues that he should have been granted withholding of removal under the CAT based on his testimony and documentary evidence showing police involvement or acquiescence in his torture.  This argument fails. An alien can obtain CAT protection by establishing that (1) "it is more likely than not that he or she would be tortured if removed to the proposed country of removal," 8 C.F.R. § 208.16(c)(2), and (2) the torture would be "inflicted by . . . or with the consent or acquiescence of a public official," 8 C.F.R. § 208.18(a)(1). Taking Gervacio-Lucas's testimony as true, it cannot be said whether his captors were, as they claimed to be, police officers, or if their claim was merely a ruse to gain access to his home.  Nor can it be said whether his captors actually had an arrangement with the police, or whether that too was a ruse designed to deter Gervacio-Lucas from seeking help.  Moreover, the documentary evidence does not connect Gervacio-Lucas's captors to the police.

Because Gervacio-Lucas has failed to demonstrate police involvement or acquiescence, we need not consider his additional argument that the IJ erroneously

imposed the burden of proof on Gervacio-Lucas to show that he could not relocate safely to another part of Guatemala.

**PETITION FOR REVIEW DENIED**.