**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| REINALDO RAMOS-DE FREITAS, | No. 15-73522 |
| Petitioner, | Agency No. A087-991-856 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2018**
San Francisco, California

Before: TASHIMA, GRABER, and HURWITZ, Circuit Judges.

Reinaldo Ramos-de Freitas ("Ramos"), a native and citizen of Brazil,

petitions for review of the Board of Immigration Appeals' denial of withholding of

removal under 8 U.S.C. § 1231(b)(3) and protection under the United Nations

Convention Against Torture ("CAT"). We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

8 U.S.C. § 1252. We review questions of law de novo. *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010). We review for substantial evidence the determination that Ramos is not eligible for withholding of removal or CAT relief. *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1049 (9th Cir. 2010). We deny the petition.

1.      Substantial evidence supports the determination that Ramos is not eligible for withholding of removal. Ramos claims membership in a group of individuals who are perceived to be of a poor class but have inserted themselves into a prominent or wealthy family either by way of a quasi-marital relationship or by fathering the child of a family member. Neither of these proposed groups have the characteristics required to establish a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (holding that "to demonstrate membership in a particular social group . . . , [t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014))), *cert. denied*, 137 S. Ct. 736 (2018); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that "imputed wealthy Americans" was not sufficiently particular so as to constitute a "particular social group" (citing *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1090–91 (9th Cir. 2013) (en banc))).

2.      Substantial evidence supports the denial of the CAT claim. Ramos

has not met the burden of proving that it is more likely than not that he will be tortured upon return to Brazil by or with the acquiescence of the government. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014); 8 C.F.R. § 208.18(a)(7)

**PETITION DENIED.**