**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RINA LEMUS MAGANA, | No.  16-71229 |
| Petitioner, | Agency No. A200-695-649 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and KORMAN,** District
Judge.

An immigration judge ("IJ") denied Rina Lemus Magana's application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  The Board of Immigration Appeals ("BIA") dismissed Lemus' appeal.

We have jurisdiction of Lemus' petition for review of that decision under 8 U.S.C.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Edward R. Korman, United States District Judge for the
Eastern District of New York, sitting by designation.

§ 1252. We deny the petition in part, grant it in part, and remand.

1. We deny the petition for review as to the denial of Lemus' asylum claim. Substantial evidence supports the IJ's finding that any threats did not rise to the level of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Substantial evidence also supports the IJ's determination that Lemus did not have a well-founded fear of future persecution on account of membership in a social group of "family members of clergy who speak out against gangs." *See* 8 C.F.R. § 208.13(b)(2). The record does not compel the conclusion that the opposition of either Lemus or her father to gangs was "one central reason" for any feared future persecution. *See Parussimova v. Mukasey*, 555 F.3d 734, 740–42 (9th Cir. 2009).

2. We also deny the petition with respect to CAT relief. The evidence does not compel a conclusion that it is "more likely than not" Lemus will be tortured if returned to El Salvador. *See* 8 C.F.R. § 208.16(c)(2); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

3. We grant the petition with respect to Lemus' application for withholding of removal. We recently clarified that the nexus requirement for withholding—that a protected ground be "a reason" for persecution—"is less demanding than [the] 'one central reason'" standard applicable to asylum claims. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Both the IJ and the BIA erroneously applied the

2

"one central reason" nexus test in rejecting Lemus' withholding claim.  We therefore remand for evaluation of the withholding claim under the proper legal standard.

Each party shall bear its own costs.

**PETITION DENIED IN PART AND GRANTED IN PART. REMANDED.**