NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CEASAR FREDY JIMENEZ CAMACHO, | No.    18-70954 |
| Petitioner, | Agency No. A205-322-699 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2020[**]

Before:  HAWKINS, GRABER, and BYBEE, Circuit Judges.

Ceasar Fredy Jimenez Camacho, a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals' ("BIA") most recent order[1] affirming an

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] While Camacho's petition challenging the agency's original decision was pending, we granted the Attorney General's unopposed motion to remand proceedings to the BIA to consider our intervening decision in *Barajas-Romero v. Lynch*, wherein we clarified that withholding requires a protected ground only be "a

immigration judge's ("IJ") denial of withholding of removal and protection under the Convention Against Torture ("CAT").[2] Camacho fears persecution by criminals who previously attempted to extort money from and threatened to harm his family members. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's finding that Camacho failed to show probable persecution motivated by a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019) (reviewing denial of withholding for substantial evidence). Camacho suffered no past persecution. The cartel members who assaulted his uncle and cousin in 2012 in hopes of extorting money never made good on their threats. And when Camacho's father refused to capitulate to the unknown callers' demands in 2013 and 2015, nothing became of their threats to kidnap Camacho or one of his siblings—all of whom have remained in Mexico without incident. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (calling lack of harm to threatened family members in petitioner's home country "especially significant"). Indeed, at his hearing, Camacho described the current situation with his family as "calm." Thus, even indulging the argument that his family and his opposition to gang

reason" for the alleged persecution, not "one central reason" as required for asylum. 846 F.3d 351, 360 (9th Cir. 2017).

[2] Camacho conceded at his hearing he was statutorily time-barred from applying for asylum. *See* 8 U.S.C. § 1158(a)(2)(B).

2

violence each constitute a cognizable social group, the record does not compel us to conclude that either affiliation motivated these apparently isolated and ultimately unfulfilled threats. *See* 8 U.S.C. § 1252(b)(4)(B); *Barajas-Romero*, 846 F.3d at 360.

Nor does the record compel CAT relief. *See* 8 C.F.R. § 1208.16(c); *Flores-Vega*, 932 F.3d at 886 (reviewing denial of CAT relief for substantial evidence). Camacho points to no evidence that the above threats came from, at the behest of, or with the consent or acquiescence of Mexican officials. *See id.* § 1208.18(a)(7) ("Acquiescence . . . requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."). Camacho's concerns about "widespread violence in Mexico," while understandable, instead depict a burden borne by much of Mexican society. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their [CAT] burden.").

**PETITION DENIED.**