FILED

FEB 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA ELISA ELIZALDE ESQUEDA,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.   19-71973

Agency No. A208-582-724

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
San Francisco, California

Before:  SILER,[***] RAWLINSON, and BUMATAY, Circuit Judges.

Petitioner Maria Elisa Elizalde Esqueda (Esqueda), a citizen of Mexico,

petitions for review of the decision of the Board of Immigration Appeals (BIA)

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

dismissing her appeal of the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

**1.** Substantial evidence supports the BIA's denial of asylum. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (articulating the substantial evidence standard for denial of asylum). An applicant for asylum "bears the burden of proving eligibility for asylum and must demonstrate that [s]he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted).

First, Esqueda failed to establish eligibility for asylum based on the abuse she suffered from her father and ex-husband. Even if the abuse rose to the level of persecution, Esqueda failed to establish a nexus to a protected ground. Although "women in [Mexico]" may constitute a cognizable social group in certain circumstances, *Perdomo v. Holder*, 611 F.3d 662, 668 (9th Cir. 2010), Esqueda failed to establish that this identity motivated the abuse. In addition, because both men are now deceased, the likelihood of future persecution from those sources is nonexistent. *See Singh*, 753 F.3d at 830–31 (explaining that the presumption of a well-founded fear of future persecution based on past persecution may be rebutted by "a fundamental change in circumstances").

2

Next, although rape may qualify as persecution, Esqueda again failed to present sufficient evidence of her persecutors' motive to establish a nexus to a protected ground. *See Lopez-Galarza v. INS*, 99 F.3d 954, 959 (9th Cir. 1996).

Finally, the unfulfilled telephonic and written threats Esqueda received did not rise to the level of past persecution. *See Duran-Rodriguez*, 918 F.3d at 1028 (noting that "threats alone, particularly anonymous or vague ones, rarely constitute persecution") (citation omitted).

**2.** Substantial evidence also supports the BIA's denial of humanitarian asylum because Esqueda failed to demonstrate that she suffered "atrocious" past persecution on account of a protected ground, or a reasonable possibility that she may suffer other serious harm upon removal to Mexico. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A)-(B); *see also Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019) ("Humanitarian asylum based on past persecution may be granted where the petitioner has suffered atrocious forms of persecution.") (citation and internal quotation marks omitted).

**3.** Because Esqueda failed to meet her burden of establishing eligibility for asylum, she necessarily failed to meet the higher burden of proof required for withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

3

**4.** Finally, substantial evidence supports the denial of CAT relief because Esqueda failed to demonstrate that it is more likely than not she will be subjected to torture if returned to Mexico. *See Duran-Rodriguez*, 918 F.3d at 1028 (reviewing CAT claim for substantial evidence). As the BIA noted, despite receiving threats from unknown individuals demanding that she cease investigating her son's death, she continued to live and work in Mexico without being physically harmed or confronted. *See id.* at 1029-30 (rejecting a similar claim).

**PETITION DENIED.**