NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE HERRERA, AKA Alex Francisco Herrera Lopez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   17-71152

Agency No. A200-711-571

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022**
Pasadena, California

Before:  BRESS and BUMATAY, Circuit Judges, and GLEASON,*** District Judge.

Jorge Herrera petitions for review of the Board of Immigration Appeals'

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***     The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") decision dismissing his application for asylum as untimely and denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We review denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). When, as here, the BIA adopts the decision of the IJ as part of its final decision, we consider the IJ's decision as well. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the BIA's determination that Herrera's untimely asylum application was not excused. An alien must file an asylum application within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). But an alien may file a late application if he can adequately show that a "changed circumstances" or "extraordinary circumstances" exception applies. *Id.* § 1158(a)(2)(D); *see also Al Ramahi v. Holder*, 725 F.3d 1133, 1135 (9th Cir. 2013). Herrera failed to apply for asylum within one year of arriving in the United States. But he argued before the BIA that his untimely application was excused because he was only sixteen when he entered the country, and because the killing of his uncle and kidnapping of his cousin occurred in 2009.

The BIA concluded that, even if it were reasonable to excuse Herrera's untimely filing due to his age, Herrera waited "some 10 years" after turning twenty-

2

one to file his application. And he waited over two years after the death of his uncle and kidnapping of his cousin. The BIA thus fairly concluded that Herrera did not act within a reasonable time of those two events to excuse his late filing. That conclusion is supported by substantial evidence. *See Al Ramahi*, 725 F.3d at 1138 (holding that the BIA's determination on an untimely asylum application will be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole" (quotation omitted)). And although Herrera appears to argue the delay should be excused due to changed country circumstances in Guatemala, he has not supported this claim with any specific evidence. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016).

2.      Substantial evidence supports the BIA's determination on Herrera's withholding of removal claim. An applicant for withholding must show that it is "more likely than not" that he would be persecuted on account of a protected statutory ground if returned to the proposed country of removal. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(2). Herrera claimed that a Guatemalan gang would target him based on his family membership. But the BIA found ample evidence to the contrary. It noted that Herrera had testified that gang members routinely "harass[ed] anyone who walked by." And when asked why his family was targeted by the gang, Hererra stated that "[t]hey really don't pick and choose who's who" and that "if it weren't my family they would have attacked another family."

3

Finally, the BIA noted that Herrera's mother lives in Guatemala and "has not been the victim of violence in years." Based on this, the BIA concluded that there was no evidence that Herrera faced a risk of persecution on account of his family ties—rather, Herrera's testimony showed that gang members would target any family, primarily to extort money. The BIA's determination is thus sufficiently supported. *See Yali Wang*, 861 F.3d at 1007 (holding that to reverse under the substantial evidence standard, "we must find that the evidence not only supports a contrary conclusion, but compels it" (simplified)).

3. Substantial evidence also supports the BIA's determination on Herrera's CAT claim. To receive CAT protection, an applicant must show that it is more likely than not that if removed, he will be tortured by, at the instigation of, or with the consent or acquiescence of government officials or other persons acting in an official capacity. 8 C.F.R. §§ 1208.16(c)(1), (2), 1208.18(a)(1). The IJ ruled that Herrera failed to make this showing, reasoning that Herrera fears the gangs, not the government, and the BIA adopted the IJ's ruling. Substantial evidence supports this decision; Herrera made no claim that any government official would acquiesce to any of the harm that the gangs inflict. And his town's inability to counter gangs does not amount to acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("The inability to bring the criminals to justice is not evidence of acquiescence . . . .").

**PETITION DENIED.**