NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR GONZALEZ-PEREZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 21-70262 Agency No. A201-603-044 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022**
Seattle, Washington

Before: BOGGS,*** HAWKINS, and FORREST, Circuit Judges.

Cesar Gonzalez-Perez petitions for review from a Board of Immigration

Appeals (BIA) decision denying deferral of removal under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Torture (CAT). We review the factual findings of the BIA, as well as the findings of the immigration judge (IJ) that the BIA expressly adopted, for substantial evidence. *See Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). Because substantial evidence supported the agency's findings, we deny the petition.[1]

An alien is eligible for deferral of removal pursuant to the CAT if he shows that he is "more likely than not to be tortured" in the country of removal. 8 C.F.R. § 1208.17(a); *see also id.* § 1208.16(c). Accordingly, CAT relief is available if (1) the alien will more likely than not "be tortured upon return to his homeland," *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citation omitted); and (2) that suffering is "inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity . . . ," 8 C.F.R. § 208.18(a)(1); *see also Garcia-Milian*, 755 F.3d at 1033–34.

Substantial evidence supported the agency's finding that Gonzalez-Perez is unlikely to be tortured by the Sinaloa Cartel or its affiliates. He did not claim that he was subjected to past torture, and he did not show a specific threat of future torture from these groups. Though he did present evidence that killings, forced

---

[1] Gonzalez-Perez also filed an unopposed motion to hold this case in abeyance while the government evaluates his U-visa application. *See* 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p); 8 C.F.R. § 214.14. We deny the motion, but we do so without addressing the availability of that form of relief. We also note that Gonzalez-Perez may file a request to stay removal while the government considers his U-visa application. *See* 8 U.S.C. § 214.14(c)(1)(ii).

disappearances, and torture can occur throughout Mexico, this country-conditions evidence does not compel the conclusion that he "would face any particular threat of torture beyond that of which all citizens . . . are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008). "Where [p]etitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden [for CAT relief]." *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

Substantial evidence also supports the agency's finding that public officials were unlikely to acquiesce to future torture against Gonzalez-Perez. For CAT purposes, government acquiescence occurs when public officials "(1) have awareness of the [torturous] activity (or consciously close their eyes to the fact it is going on); and (2) breach their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it." *Garcia-Milian*, 755 F.3d at 1034. But the general ineffectiveness of officials in preventing torture does not demonstrate acquiescence, "absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Ibid.* And, though country-conditions evidence about corruption may be relevant to this inquiry, this court has not found that such evidence compels a finding of government acquiescence unless it was consistent with *additional* evidence indicating the "specific circumstances" in which officials would likely acquiesce to a petitioner's torture. *Xochihua-Jaimes v.*

*Barr*, 962 F.3d 1175, 1186 (9th Cir. 2020); *see also Madrigal v. Holder*, 716 F.3d 499, 510 (9th Cir. 2013) (remanding to BIA, in light of "[v]oluminous evidence" of government corruption, to consider whether public officials would acquiesce in torture). Here, the generalized, countrywide information about government corruption and participation in torture that Gonzalez-Perez presented is not so extensive—nor so particularized to Gonzalez-Perez—as to compel the conclusion that he would likely be tortured with government acquiescence.

For these reasons, we **DENY** the petition.