**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENHAI MIAO, | No. 21-558 |
| Petitioner, | |
| v. | Agency No. A215-668-305 |
| MERRICK B. GARLAND, Attorney General | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2023**
Pasadena, California

Before: BYBEE and CHRISTEN, Circuit Judges, and FITZWATER,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Sidney A. Fitzwater, Senior United States District Judge for the Northern District of Texas, sitting by designation.

Benhai Miao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and review factual findings—including adverse credibility determinations—for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034,1039–40 (9th Cir. 2010). We deny the petition.

The BIA's decision upholding the immigration judge's (IJ) adverse credibility determination is supported by substantial evidence. The inconsistencies identified by the BIA and the IJ are not "utterly trivial," and several have bearing on the strength of Miao's claim of persecution. *Id.* at 1043–44. For example, at his merits hearing before the IJ, Miao testified to a significant encounter with the police where he was arrested, detained, and beaten. He did not mention this encounter during his credible fear interview; indeed, during his credible fear interview he stated that he had never been arrested. Miao testified that his injuries were severe enough that he was hospitalized for ten days, but his medical evidence only documented outpatient treatment. Other inconsistent or uncorroborated statements included Miao's assertions that he rented an apartment to hide from the authorities, that the police visited his parents' home looking for him after he left China, and that there was a warrant for his arrest online. On this record, the BIA's

conclusion that the IJ's adverse credibility determination was not clearly erroneous was supported by substantial evidence of the type the REAL ID Act identifies as relevant to the credibility inquiry. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C), 1229a(c)(4)(C); *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) ("A finding . . . is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." (internal quotation marks and citation omitted)).

Absent credible testimony, Miao must demonstrate that "[t]he remaining evidence in the record . . . compel[s] [this court] to overturn the IJ's determination that [he] failed to carry [his] burden of proving eligibility." *Ling Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014). It does not. Miao's documentary evidence is itself often inconsistent with his testimony, and he did not submit evidence to corroborate a number of his claims. Without credible testimony, the record does not compel the conclusion that Miao suffered past persecution or that he has a well-founded fear of future persecution. *See Bringas-Rodriguez*, 850 F.3d at 1059. Because Miao fails to meet the burden of proof for his asylum claim, his withholding of removal claim also fails. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of

3

proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

The BIA's denial of Miao's claim for CAT protection is also supported by substantial evidence. Without credible testimony, Miao is unable to demonstrate that he faces a *particularized* risk of torture if he returns to China despite country conditions that are generally unfavorable to Christians. *See Dawson v. Garland*, 998 F.3d 876, 885 (9th Cir. 2021) ("The circumstances of [Christians] in general . . . do not vitiate the agency's specific findings as to [Miao's] situation.").

**PETITION DENIED.**