NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANKLIN A ROCHAC-GARCIA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1943 <br><br> Agency No. A201-429-072 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023**

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Franklin A Rochac-Garcia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying the untimely motion to reopen where Rochac-Garcia failed to establish prima facie eligibility for relief. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought); *see also Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) ("An applicant must demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.").

Rochac-Garcia's contentions regarding a new proposed particular social group and political opinion are not properly before the court because he failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

We reject Rochac-Garcia's conclusory contention that the BIA erred in deeming his request for a stay of removal moot.

The temporary stay of removal remains in place until the mandate

issues. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**