NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCO TULIO PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1125

Agency No.
A205-718-207

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023**
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN,*** District Judge.

Marco Tulio Perez, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' (BIA) decision affirming the Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Judge's (IJ) denial of asylum, withholding of removal, relief under the Convention Against Torture (CAT), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1. Tulio Perez forfeited any challenge to the denial of cancellation of removal because he did not raise it in his opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

2. Tulio Perez's asylum and withholding of removal claims were based upon membership in the particular social groups of "Guatemalan men who resist gang recruitment efforts and individuals perceived to have wealth." Whether a group constitutes a particular social group is a question of law we review de novo. *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). We have previously rejected proposed particular social groups based on resistance to gang recruitment for lack of social distinction and/or particularity. *See id.* at 890 (rejecting the proposed group of "minor Christian males who oppose gang membership" in Honduras as "not sufficiently particular or socially distinct"); *see also Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009) (rejecting the proposed group of "young Honduran men who have been recruited by the MS-13, but who refuse to join"). Likewise, we have rejected proposed particular social

groups based on perceived wealth. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (rejecting the proposed group of "imputed wealthy Americans" deported to Mexico). We conclude that Tulio Perez has failed to demonstrate that his proposed social groups are socially distinct and defined with particularity.

3.      Substantial evidence supports the agency's denial of CAT protection. To qualify for CAT protection, Tulio Perez must establish that it is more likely than not that he would be tortured by or with the acquiescence of the government if removed to Guatemala. *Santos-Ponce*, 987 F.3d at 891. Tulio Perez lived in Guatemala without incident for almost six years after the alleged gang recruitment attempt before he came to the United States. He was unable to explain why he would be targeted if he returned to Guatemala. Therefore, he fails to establish that he faces a particularized, ongoing risk of future torture. *See Ramirez-Munoz*, 816 F.3d at 1230 ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden.").

4.      The motion for a stay of removal is denied as moot. The temporary stay of removal remains in effect until issuance of the mandate.

**PETITION DENIED.**