**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

BAUDILIO ESTEBAN PABLO
ANTONIO,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 23-236

Agency No.
A213-079-185

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2024[**]
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Baudilio Esteban Pablo Antonio, a native and citizen of Guatemala, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") affirming

the immigration judge's ("IJ") denial of his application for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture. Because the BIA affirmed the IJ's decision after conducting its own review of the evidence, we review the BIA's decision and any portion of the IJ's opinion that the BIA expressly adopted. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's denial of Pablo Antonio's asylum application as untimely. And, in any event, he does not make any argument to address the dispositive issue of timeliness in his opening brief, that issue is forfeited. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

2. Substantial evidence supports the agency's denial of withholding of removal. To qualify for withholding, an applicant must demonstrate past persecution or a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(b). When determining whether Pablo Antonio demonstrated past persecution, the BIA considered and applied the standards set forth in *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021). The BIA did not fail to consider material factors, as Pablo Antonio asserts. Even considering the facts that Pablo Antonio contends the BIA ignored, including the timing and nature of the threats he experienced and the country conditions, those facts do not compel the conclusion that the harms Pablo Antonio suffered rise to the level of

---

[1] We refer to the BIA and IJ collectively as the "agency."

2

persecution. Persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)). Although it is troubling that Pablo Antonio was threatened, robbed, and beaten by gang members, he did not provide specific testimony or other evidence showing that these incidents were so menacing that they constitute past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)).

Substantial evidence also supports the BIA's determination that Pablo Antonio failed to establish that he has a well-founded fear of future persecution. Pablo Antonio contends that he established a well-founded fear of persecution on account of three different bases. We address each basis in turn.

The BIA determined that Pablo Antonio's reliance on country condition reports to establish that he would be targeted on account of his indigenous ethnicity was unavailing because those reports showed ongoing discrimination against indigenous communities in Guatemala but not persecution. Pablo Antonio asserts that the BIA erred in assessing those reports, but he does not develop that argument; consequently, it is forfeited. Pablo Antonio also argues that the BIA erred in determining that he did not establish a threat of persecution on the basis of his ethnicity because it disregarded the statements of his father and a local leader

3

of the Kanjobal tribe. Because those statements discuss only generalized crime in Guatemala, the BIA was not required to specifically address them in this context. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (A "petitioner cannot simply prove that there exists a generalized or random possibility of persecution" to establish a well-founded fear of future persecution (internal quotation marks omitted)).

Substantial evidence also supports the BIA's dispositive finding that, even assuming that Pablo Antonio's proposed social group of "indigenous tribal members who have been targeted by cartels because of their tribal membership" is cognizable, the record does not establish that the cartel members did or would likely target him on account of his membership in that group. Although Pablo Antonio asserts that this proposed social group is cognizable, he does not address the BIA's alternative finding, and therefore, this issue is forfeited.

The BIA also properly concluded that the proposed social group of "returnees from the United States who are perceived as wealthy" is not cognizable. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("[W]e hold that the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group.").

3. Substantial evidence supports the BIA's determination that the record does not establish that Pablo Antonio is more likely than not to be tortured by

cartels upon return to Guatemala. Although the country conditions reports that Pablo Antonio cites demonstrate that Guatemala is plagued by corruption and violence, these reports do "not indicate that [Pablo Antonio] would face any particular threat of torture beyond that of which all citizens of [Guatemala] are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008). Pablo Antonio has therefore failed to meet his burden of proving eligibility for protection under CAT.

4. Pablo Antonio asks us to remand this matter to the BIA because his notice to appear was allegedly defective under 8 U.S.C.§ 1229(a)(1)(G)(i). Pablo Antonio argues that the BIA erred by not remanding his case to the IJ to apply *Matter of Fernandes*, 28 I. & N. Dec. 605 (B.I.A. 2022). However, *Matter of Fernandes* requires a remedy only for petitioners who "made a timely objection to [a] noncompliant notice to appear," and such an objection is timely only "if it is raised prior to the closing of pleadings before the Immigration Judge." *Id.* at 610–11. Pablo Antonio made no objection until after the closing of pleadings before the IJ. Accordingly, he is not entitled to remand under *Matter of Fernandes*.

**PETITION DENIED.**