**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA LIDIA SALINAS MAGANA, | No. 23-627 |
| Petitioner, | Agency No. A208-750-498 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2024**
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Petitioner Maria Salinas Magana (Salinas Magana), a citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her

appeal from the Immigration Judge's (IJ) decision denying her applications for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We deny the petition.

1.  To establish asylum, Salinas Magana must show that she "is unable or unwilling to return to [her] home country because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) (citation omitted); *see also* 8 C.F.R. § 208.31(c).  A petitioner may establish a well-founded fear of future persecution by proving past persecution, or by demonstrating that she has a subjectively genuine and objectively reasonable fear of future persecution.  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019).

First, substantial evidence supports the BIA's determination that Salinas Magana's previous encounters with gang members did not rise to the level of past persecution or establish an objectively reasonable fear of future persecution.  Although she was threatened by gang members in El Salvador after she witnessed a murder, death threats constitute persecution "in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm."  *Duran-Rodriguez*, 918 F.3d at 1028 (citation omitted).  Salinas Magana did not point to compelling evidence that the threat caused her actual suffering or harm.  Further, Salinas Magana continued to live without harm in her home for two

months after receiving the threatening note, and she received no further communication from the gang during that time.  There is no evidence that any gang member has attempted to contact Salinas Magana or her daughter since they left El Salvador.

Second, Salinas Magana sought asylum based on her alleged membership in eight different social groups.[1]  An individual is required to show that "the proposed group is recognizable as 'socially distinct.'"  *Diaz-Torres v. Barr*, 963 F.3d 976, 978 (9th Cir. 2020).  Our circuit has not recognized Salinas-Magana's putative social groups as distinct or particular.  *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (proposed group of "witnesses who ... could testify against gang members based upon what they witnessed" was not cognizable).  Further, the persecution must be "on account of" membership in a particular social group.  *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).  There is not a nexus between the social groups that she claims she is a part of and any persecution that she has experienced.  The threatening note was not sent on account of Salinas Magana's membership in any particular social group.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be

---

[1] Seven of the social groups claimed by Salinas Magana depend on her status as a single mother.  Salinas Magana does not raise, and has therefore forfeited, any challenge to the BIA's conclusion that her proposed social groups based on her status as a single mother are not cognizable.  *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

3

free from … random violence by gang members bears no nexus to a protected ground").

2.  Because substantial evidence supports the agency's denial of asylum, substantial evidence also supports its denial of withholding of removal.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

3.  To be eligible for CAT protection, Salinas Magana must show that she is more likely than not to be tortured upon removal, and that a public official would "inflict, instigate, consent to or acquiesce in that torture." *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013).  Although Salinas Magana provides reports describing violence and corruption in El Salvador, general findings that torture occurs in a country are not enough to establish a likelihood of torture or of public officials' acquiescence to torture.  *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).  Salinas Magana and her family have never been physically harmed in El Salvador, and there is no evidence to compel the conclusion that she faces a risk of torture.

The petition for review is **DENIED.**