NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUNBIAO WU,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 23-1201

Agency No.
A200-274-844

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2024
Pasadena, California

Before: CLIFTON and COLLINS, Circuit Judges, and RODRIGUEZ, District Judge.**

    Petitioner Chunbiao Wu, a citizen of China, petitions for review of the

decision of the Board of Immigration Appeals dismissing his appeal of the denial

of his applications for asylum and withholding of removal. We have jurisdiction

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

under 8 U.S.C. § 1252. We deny the petition for review.

Even accepting Wu's testimony regarding events he experienced as true, *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013), the record does not compel the conclusion that he met his burden to demonstrate a well-founded fear of future persecution, *see Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). The fact that Wu was able to leave China without incident suggests a lack of police interest, given that all departing passengers are checked for arrest warrants. That his parents remain in China unharmed despite their practice of Falun Gong suggests the same. *See Pagayon v. Holder*, 675 F.3d 1182, 1190-91 (9th Cir. 2011) (per curiam). The BIA decision emphasized the disparity between Wu's testimony about what his wife had told him and the letter from her that Wu produced. It was not unreasonable for the agency to conclude that the letter's claims about the police's intentions were unpersuasive because they went well beyond what Wu had testified to his wife having previously said. Having found the letter unpersuasive, the agency was entitled to interpret Wu's testimony as failing to demonstrate that the police were actively seeking him for "collaborating against the Chinese government."

Because Wu failed to meet his burden of establishing eligibility for asylum, he necessarily fails to meet the higher burden of proof required for withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

**PETITION DENIED.**