**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN LORENZO-LEON, | No. 20-73049 |
| Petitioner, | Agency No. A208-308-236 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
San Francisco, California

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Juan Lorenzo-Leon petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from the immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  Reviewing legal questions de novo and the agency's factual findings for substantial evidence, *see Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), we deny the petition.

1.  Lorenzo-Leon acknowledged to the agency that he filed his asylum application after the one-year limit.  *See* 8 U.S.C. § 1158(a)(2)(B).  The BIA adopted the IJ's conclusion that Lorenzo-Leon's ignorance of asylum did not constitute "changed . . . or extraordinary circumstances" that would excuse his untimely filing.  8 U.S.C. § 1158(a)(2)(D).  This conclusion was not erroneous, *see Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003), and Lorenzo-Leon has forfeited any challenge to it by failing to address it in his brief.  *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).

2.  The agency did not err in denying Lorenzo-Leon's application for withholding of removal because he failed to articulate a cognizable "particular social group."  8 U.S.C. § 1231(b)(3)(A).  He argued to the agency that "he will [be] targeted for kidnapping, robbery, extortion or even murder by criminals in Guatemala" because "[i]ndividuals who have made progress in their lives, and are successful, are targeted by organized criminals . . . because they are perceived as wealthy."  But he provided insufficient evidence to support his claim that his alleged wealthy appearance will make him a target for violent crimes upon his return to Guatemala any more than the populace at large.  *See Ramirez-Munoz v.*

2

*Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016); *cf. Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

3.   The agency did not err in denying Lorenzo-Leon's application for CAT relief because he failed to show that any torture would be committed "by or at the instigation of or with the consent or acquiescence of a public official . . . or other person acting in an official capacity."  8 C.F.R. § 208.18(a)(1).  To the extent the Guatemala country conditions report shows "a general ineffectiveness on the government's part to investigate and prevent crime," that does "not suffice to show acquiescence."  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**