**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIAO ZHENG, a/k/a XIAO FENG ZHENG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   16-72670

Agency No. A089-767-608

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Xiao Zheng, a native and citizen of China, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") affirming the order of an Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

Judge ("IJ") denying his application for asylum and withholding of removal. We deny the petition.[1]

Substantial evidence supported the IJ's adverse credibility determination, which the BIA affirmed. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The IJ properly relied on Zheng's inconsistent testimony about his reasons for seeking work in Beijing, the omission from his declaration about the fear of forced sterilization that Zheng included in his testimony, Zheng's implausible testimony about his wife's ability to obtain official documents while in hiding, and Zheng's evasive testimony about his residence in Las Vegas. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010); *see also Lalayan v. Garland*, 4 F.4th 822, 836–37 (9th Cir. 2021) (an "IJ's implausibility finding will ultimately hinge on the application of a reasonable evaluation of the testimony and evidence based on common sense."). In the absence of Zheng's rejected testimony, the evidence does not establish eligibility for relief. *See Shrestha,* 590 F.3d at 1048; *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

**PETITION DENIED.**

---

[1] The BIA treated Zheng's claim for relief under the Convention Against Torture as "waived on appeal," and Zheng does not argue otherwise in his petition for review.