**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILIBERTO MONTIEL-IBARRA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70300

Agency No. A205-412-450

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2022[**]
Las Vegas, Nevada

Before: RAWLINSON and BENNETT, Circuit Judges, and COGAN,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Brian M. Cogan, United States District Judge for the
Eastern District of New York, sitting by designation.

Petitioner Filiberto Montiel-Ibarra (Petitioner) is a native and citizen of Mexico. He seeks review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his requests for withholding of removal and relief under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252 and we **DENY** the petition.

**1.** "We review questions of law, such as whether a proposed particular social group is cognizable for purposes of withholding of removal, de novo. . . ." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021) (citation omitted). The BIA's ultimate determination that a petitioner does not qualify for withholding of removal or CAT relief is reviewed for substantial evidence. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (withholding of removal); *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (CAT relief). "Substantial evidence review requires us to uphold the BIA's determination unless the evidence compels a contrary conclusion . . . ." *Villalobos Sura v. Garland*, 8 F.4th 1161, 1167 (9th Cir. 2021) (citation and internal quotation marks omitted).

---

[1] Petitioner also challenges the adverse credibility finding made by the Immigration Judge (IJ). However, "[w]here the BIA assumes that [a noncitizen] is a credible witness and thus does not rule on the credibility question, we do not review an immigration judge's credibility determination. . . ." *Barraza Rivera v. I.N.S.*, 913 F.2d 1443, 1450 (9th Cir. 1990) (citation omitted).

**2.** Petitioner alleges membership in two particular social groups: "victims of threats from the Zeta Narco Cartel," and "business owners who are perceived as a wealthy family." To be cognizable under the INA, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Plancarte Sauceda v. Garland,* 23 F.4th 824, 833 (9th Cir. 2022), *as amended* (citation omitted).

The BIA did not err in concluding that "victims of threats from the Zeta Narco Cartel" is not a cognizable particular social group. Even if the group is comprised of members sharing a common immutable characteristic, it is neither particularly defined nor socially distinct. *See Macedo Templos*, 987 F.3d at 882. Similarly, "business owners who are perceived as a wealthy family" is not a cognizable particular social group. *See id.* at 882-83.[2]

**3.** Substantial evidence also supports the BIA's conclusion that Petitioner failed to establish either past or future persecution on account of an enumerated ground. Petitioner testified that his family members were threatened by the Zeta

---

[2] To the extent that Petitioner's membership in the group "business owners who are perceived as a wealthy family" is now presented as a claim that Petitioner's family is a particular social group, this argument is not properly before us, as it was not raised to either the BIA or the IJ. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Narco Cartel (the Zetas) because the Zetas wanted to extort money from them. Petitioner's application stated that the Zetas "have been doing what they can to attempt to take the park" from Petitioner's family. However, these statements demonstrate that the harms Petitioner's family experienced were on account of attempts to extort the family rather than on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010), *as amended* (concluding that the petitioner's testimony implying that family members were murdered in an attempt to steal the family's valuable land was insufficient to establish harm on account of a protected ground).

Petitioner's statement in his application that the Zetas would target him because "they would believe that since [he is] returning from [the] United States that [he has] money" does not establish that he is more likely than not to be persecuted on account of a protected ground. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that "imputed wealthy Americans" is not a "cognizable particular social group").

**4.** Finally, substantial evidence supports the conclusion that Petitioner failed to establish eligibility for CAT relief. Petitioner testified that the police and government would be unable to protect him from the Zetas because they are corrupt, and when his family reported the Zetas' threats and attack, the police made

4

no arrests.  But Petitioner offered no evidence establishing a particularized risk of torture with government acquiescence.  *See Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 440 (9th Cir. 2021) (denying CAT relief when the petitioner "failed to provide any evidence beyond his own personal speculation" that the government would acquiesce to his torture).  Petitioner's testimony that the police did not make any arrests, is insufficient to establish government acquiescence without "evidence that the police are unable or unwilling to oppose . . . crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014), *as amended*.  Thus, the record does not compel the conclusion that Petitioner is more likely than not to be tortured by or with the acquiescence of a government official if he is returned to Mexico.

**PETITION DENIED.**