**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO MANCILLAS FRANCO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-510 <br><br> Agency No. A205-313-049 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2023**
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and JACKSON, ***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Brian A. Jackson, United States District Judge for the Middle District of Louisiana, sitting by designation.

Francisco Mancillas Franco ("Mancillas-Franco"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1.    Substantial evidence supports the BIA's denial of Mancillas-Franco's withholding of removal claim because he failed to demonstrate a nexus between the harm he fears in Mexico and a statutorily protected ground. An applicant for withholding of removal must establish that "race, religion, nationality, membership in a particular social group, or political opinion" was or will be "a reason" for the persecution. 8 U.S.C. § 1231(b)(3)(A); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017).

Here, the BIA concluded that Mancillas-Franco did not carry his burden to show that he would be persecuted on account of his family membership. Mancillas-Franco testified that he was never harmed when he lived in Mexico. He fears returning to Mexico because he believes that his father was murdered by a Mexican cartel after his father failed to make an extortion payment. Because his father lived alone, however, Mancillas-Franco conceded it was unknown who carried out the attack. Mancillas-Franco also testified about

2

relatives, namely his brother and cousins, who reside in Mexico and did not mention any harm to these relatives. This record does not compel the conclusion that Mancillas-Franco would be targeted by the cartel based on his family membership. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (holding that petitioner had not established a nexus to the particular social group of his family where bandits, motivated by an attempt to steal his grandfather's farmland, murdered his family members). Mancillas-Franco's fear of generalized violence by Mexican cartels is insufficient to compel a finding of a nexus to a protected ground.[1] *Id.*

2. Substantial evidence supports the BIA's determination that Mancillas-Franco does not face a likelihood of torture "'inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity.'" *B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) (quoting 8 C.F.R. § 208.18). While the country conditions evidence reflects police corruption and cartel violence in Mexico generally, it fails to establish that Mancillas-Franco faces a particularized, ongoing risk of future torture. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are

---

[1] In light of our resolution of this claim, we need not reach Mancillas-Franco's additional arguments concerning the cognizability of his proposed particular social group and the Mexican government's ability and willingness to protect him from cartel violence. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden.").

**PETITION DENIED.**