NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRIAN DEL CARMEN TORRES VALDOVINOS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-699<br><br>Agency No.<br>A206-915-529<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2024[**]
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Petitioner Mirian Del Carmen Torres Valdovinos, a citizen of Mexico,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing her appeal from a decision of an Immigration Judge (IJ) denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We deny the petition.

1. Petitioner contends that the Immigration Court did not have jurisdiction over her removal proceedings because the agency issued her an incomplete Notice to Appear that did not provide a place, time, or date for her appearance. But the agency later provided her notice of the date and location, which is sufficient to vest jurisdiction. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) ("[T]he failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction.").

2. Substantial evidence supports the denial of asylum and withholding of removal. To establish asylum, Petitioner must show that she "is unable or unwilling to return to [her] home country because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) (citation omitted); *see also* 8 C.F.R. § 208.31(c). A petitioner may establish a well-founded fear of future persecution by proving past persecution, or by demonstrating that he has a subjectively genuine and objectively reasonable fear of

2                                                          23-699

future persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019).

Petitioner asserts that she has established past persecution because a local gang threatened her family after kidnapping and likely killing her uncle. But the threats from the gang to her family do not compel a conclusion of past persecution or establish an objectively reasonable fear of future persecution. Death threats constitute persecution "in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez*, 918 F.3d at 1028 (citation omitted). Here, Petitioner does not point to evidence of actual harm since she did not directly receive a threat and was never physically harmed. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution."). Petitioner has also not identified evidence suggesting she could not safely relocate within Mexico. *See* 8 C.F.R. § 1208.13(b)(2)(ii); *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) (holding that a petitioner did not have a well-founded fear of persecution because he could relocate to another part of his country).

Petitioner asserted that she belongs to the particular social group of "the Torres family." The IJ declined to address whether the proposed family-based social group was cognizable and instead determined that she had not established a

nexus between the harm alleged and a protected ground, and the BIA affirmed. The persecution must be "on account of" membership in a particular social group. *Duran-Rodriguez*, 918 F.3d at 1028. Here, substantial evidence supports the lack of a nexus between the harm Petitioner alleged and her membership in a particular social group. Petitioner testified that the threats from the gang members were motivated by money and their incarceration following her uncle's kidnapping, not because she was a member of the family. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023).

Because substantial evidence supports the agency's denial of asylum, substantial evidence also supports its denial of withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.").

3. Substantial evidence supports the denial of CAT protection. To be eligible for CAT protection, Petitioner must show that she is more likely than not to be tortured upon removal, and that a public official would "inflict, instigate, consent to or acquiesce in that torture." *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013). "However, 'a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.'" *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020) (citation omitted). After

Petitioner's family reported her uncle's kidnapping to the police, Mexican officials investigated and prosecuted perpetrators, undercutting her argument that the Mexican government would acquiesce to torture.  Thus, the evidence does not compel the conclusion that the Mexican government will acquiesce to future torture.  Further, Petitioner has never been physically harmed in Mexico, and there is no evidence to compel the conclusion that she faces a risk of torture upon removal.

The petition for review is **DENIED.**