NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEKSANDR KHAVRENKO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1113

Agency No.
A076-078-694

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2024**
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and BENNETT, District
Judge.***

Aleksandr Nikolyevich Khavrenko, a native and citizen of Ukraine, petitions

for review of a Board of Immigration Appeals decision dismissing his appeal from

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

an immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review questions of law de novo and review the agency's factual findings for substantial evidence. *See Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the Board's refusal to take administrative notice of extra-record evidence for abuse of discretion. *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

1. Substantial evidence supports the agency's determination that Khavrenko is not eligible for asylum. To be eligible for asylum, Khavrenko must show "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A petitioner may establish a well-founded fear of future persecution either by proving past persecution or by demonstrating that he has a subjectively genuine and objectively reasonable fear of future persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). A petitioner may prove that his fear is objectively reasonable by showing (1) "that there is a 'reasonable possibility' that he will be 'singled out individually for persecution' if removed" or (2) "that there is a systematic 'pattern or practice' of persecution against the group

to which he belongs in his home country." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quoting 8 C.F.R. § 1208.13(b)(2)(iii)).

Substantial evidence supports the agency's finding that Khavrenko did not suffer past persecution. Khavrenko did not allege that he experienced physical harm, faced direct threats in Ukraine, or was subject to any other conduct rising to the level of persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1061–63 (9th Cir. 2021). The same is true of the agency's finding that he does not have an "objectively reasonable" fear of future persecution. *See Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013). There is no evidence that the Ukrainian government or "ultranationalists" sanctioned by the government systematically target ethnic Russians who are not involved in political activity. Nor does the record compel the conclusion that Christian Baptists are a disfavored group in Ukraine or that there is a pattern or practice of persecution of Christian Baptists at the hands of pro-Russian separatists.

Khavrenko's arguments to the contrary are unavailing. First, he contends that the agency erred by failing to engage in a cumulative analysis of the harm he would suffer because of his ethnicity and religion. But he provides no evidence that he faces a greater risk of persecution in Ukraine because he is both an ethnic Russian and a Christian Baptist. And the record does not show that the agency failed to consider all the evidence he presented. *See Hernandez v. Garland*, 52

F.4th 757, 771, 773 (9th Cir. 2022). Further, Khavrenko's argument that the Board applied the wrong legal standard to its review of the immigration judge's cumulative analysis is contradicted by the language of the Board's decision, which cited and applied the correct de novo standard of review.

Second, Khavrenko argues that the Board violated his due process rights by affirming the immigration judge's finding that he had not demonstrated a pattern or practice of persecution when the immigration judge had allegedly made no such finding. The record shows otherwise: the immigration judge determined that Khavrenko's allegations did not describe a pattern or practice of persecution against ethnic Russians or Christian Baptists.

Third, Khavrenko argues that the immigration judge failed to consider his inability to reasonably relocate to eastern Ukraine due to religious persecution in that region. But the immigration judge never found a pattern or practice of persecution of Christian Baptists in eastern Ukraine. Rather, he found that persecution against Christians was limited to two cities with ongoing conflict over pro-Russian separatist activity.

2. Because substantial evidence supports the agency's finding that Khavrenko did not establish a sufficient likelihood of persecution to be eligible for asylum, substantial evidence also supports its denial of withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner

who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal.")

3. Substantial evidence also supports the agency's denial of CAT relief. To be eligible for CAT protection, Khavrenko must show that he is more likely than not to be tortured if removed and that a public official would "inflict, instigate, consent to or acquiesce in that torture." *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013); *see* 8 C.F.R §§ 1208.18(a)(1), 1208.16(c)(2). The record does not compel the conclusion that Khavrenko faces an individualized risk of torture at the direction or with the acquiescence of the Ukrainian government. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018).

4. The Board acted within its discretion when it declined to take administrative notice of new evidence about the conflict between Russia and Ukraine and instead suggested that Khavrenko file a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 896 (9th Cir. 2003) (explaining that a motion to reopen is the appropriate vehicle for presenting new facts or evidence that might provide relief from removal).

**PETITION DENIED.**

21-1113