**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ENRIQUE VALLE-GUTIERREZ; VILMA YOLANDA SALAZAR DE VALLE; OLIVER ENRIQUE VALLE-SALAZAR, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2970 <br><br> Agency Nos. <br> A220-147-848 <br> A220-147-849 <br> A220-147-850 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025**
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Petitioners Oscar Enrique Valle-Gutierrez, Vilma Yolanda Salazar De Valle, and Oliver Enrique Valle-Salazar, all natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' (BIA) order affirming an Immigration Judge's (IJ) decision to deny their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. Because the parties are familiar with the facts of this case, we do not recount them here except as necessary to provide context to our ruling.

1. Substantial evidence supports the BIA's denial of asylum. Petitioners' applications for asylum were premised on their fear of future persecution due to the growing gang violence in their town and the persecution that some of their neighbors have suffered. However, "[t]o establish eligibility for asylum based on a well-founded fear of future persecution, applicants must demonstrate both an objective and subjective fear of persecution." *Berroteran-Melendez v. INS*, 955 F.2d 1251, 1256 (9th Cir. 1992). To satisfy the objective component of the well-founded fear standard, applicants must offer "credible, direct and specific evidence in the record, of facts that would support a *reasonable* fear that the petitioner faces persecution." *Rodriguez-Rivera v. U.S. Dep't of Immigr. & Naturalization*, 848 F.2d 998, 1002 (9th Cir. 1988). The BIA was supported by substantial evidence in finding that Petitioners did not satisfy this standard because the evidence they

adduced spoke to no more than a "general fear of gang presence," and failed to demonstrate that Petitioners faced a credible and particularized risk of persecution on account of a protected ground. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998); *see also Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) ("[A]n applicant's fear must be based on an individualized rather than generalized risk of persecution." (quotations omitted)).

Further, an applicant "does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). Petitioners' speculative testimony that they could not avoid persecution because other locations in El Salvador are "even more dangerous" is insufficient to establish that relocation would be impossible or unreasonable. Therefore, the BIA was supported by substantial evidence in finding that, even if Petitioners demonstrated an objective fear of future persecution, Petitioners failed to establish that they could not avoid such persecution by relocating within El Salvador. *See* 8 C.F.R. § 1208.13(b)(3)(i); *Cardenas v. INS*, 294 F.3d 1062, 1066 (9th Cir. 2002).[1]

---

[1] Because the standard governing withholding of removal is more stringent than the standard governing asylum, *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004), Petitioners' failure to establish eligibility for asylum is dispositive of their claims for withholding of removal, *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

2. Substantial evidence also supports the BIA's denial of CAT protection. To prevail on a claim for CAT protection, applicants must establish that it is more likely than not that they will be tortured if removed to their country of origin, 8 C.F.R. § 1208.16(c)(2), and that the government will consent or acquiesce in their torture, *id.* § 1208.18(a)(1). *See Muradin v. Gonzales*, 494 F.3d 1208, 1210–11 (9th Cir. 2007). However, for the reasons previously discussed, Petitioners were not only unable to establish an objective fear of persecution, including torture, but were further unable to establish that they could not relocate to avoid such harm. Further, Petitioners present no argument that the Salvadoran government would consent or acquiesce in any torture Petitioners might suffer. *See* 8 C.F.R. § 1208.18(a)(7); *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (arguments not raised in a petition for review are waived). For these reasons, the BIA was supported by substantial evidence in denying CAT relief.

**PETITION DENIED.**