**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SINTIA MURIEL HERNANDEZ-HERNANDEZ DE GUZMAN, | No. 23-1464 |
| | Agency No. A201-688-834 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Sintia Muriel Hernandez-Hernandez de Guzman, a native and citizen of

Guatemala, petitions for review of a Board of Immigration Appeals decision

dismissing her appeal of an immigration judge's order denying her applications for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings for substantial evidence and must uphold the findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Substantial evidence supports the agency's denial of asylum and withholding of removal. To establish eligibility for asylum, an applicant must show a well-founded fear of future persecution on account of a protected ground. 8 U.S.C. § 1158; *see Nagoulko v. INS*, 333 F.3d 1012, 1015–16 (9th Cir. 2003). To do so, she "must show that she has suffered from past persecution (which then gives rise to a rebuttable presumption of future persecution) or that she has a 'good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of [future] persecution.'" *Id.* at 1016 (quoting *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999)).

Hernandez-Hernandez de Guzman made no arguments about past persecution before the Board, so we decline to consider that issue. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Hernandez-Hernandez de Guzman has not established a well-founded fear of future persecution. Substantial evidence supports the agency's conclusion that her subjective fear that her husband will take away her child is not objectively reasonable. *See Nagoulko*, 333 F.3d at 1016 (explaining that a well-founded fear of persecution must be "both subjectively genuine and objectively reasonable") (citation omitted). Although Hernandez-Hernandez de Guzman's husband once threatened to take away their daughter, he has not harmed Hernandez-Hernandez de Guzman or their daughter, he has complied with a restraining order, and he has not contacted her since she left Guatemala with their daughter in 2018. For the same reasons, substantial evidence also supports the agency's denial of her claim for withholding of removal. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

2. Substantial evidence supports the agency's denial of CAT relief. The record does not compel the conclusion that Hernandez-Hernandez de Guzman will be tortured with the consent or acquiescence of the Guatemalan government if removed. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). Given that the Guatemalan authorities issued a restraining order when Hernandez-Hernandez de Guzman reported her argument with her husband, a reasonable adjudicator would not be compelled to find that Guatemala would acquiesce in any torture. *See Ming Dai*, 593 U.S. at 365.

The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 2) is otherwise denied.

**PETITION DENIED.**