**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

URBANO JIMENEZ,

        Petitioner,

    v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 23-2088

Agency No.
A088-130-567

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2025[**]

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

Urbano Jimenez, a native and citizen of Mexico, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying the untimely and number-barred motion to reopen to apply for asylum, withholding of removal, and protection under the Convention Against Torture, where petitioner failed to establish prima facie eligibility for relief. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016) (BIA may deny a motion to reopen for failure to establish prima facie eligibility for the relief sought).

We lack jurisdiction to review the BIA's discretionary determination not to reopen proceedings sua sponte, other than for the limited purpose of reviewing for legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error underlying the BIA's decision.

To the extent Jimenez contends his due process rights were violated by withdrawing his asylum application, pretermitting his cancellation of removal application, and granting voluntary departure, these contentions are not properly before the court because he did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**