**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELICIANO XEC PUAC, | No. 20-70408 |
| Petitioner, | Agency No. A209-210-843 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026[**]
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Feliciano Xec Puac, a native and citizen of Guatemala, petitions for review

of a Board of Immigration Appeals' (BIA) order that dismissed an appeal from an

immigration judge's (IJ) denial of his application for withholding of removal and

protection under the Convention Against Torture (CAT). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under the deferential substantial evidence standard, the BIA's determinations are upheld unless the evidence compels a contrary conclusion from that adopted by the BIA. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

Substantial evidence supports the BIA's denial of withholding of removal. Petitioner did not establish that his proposed particular social groups were cognizable. "Family ties" and "Guatemalans perceived as wealthy" are too amorphous, lacking sufficient particularity. *See, e.g.*, *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("'[I]mputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group."). Even if the proffered groups were cognizable, Petitioner failed to establish a nexus between the harm suffered and membership in those groups, as nothing in the record demonstrates that the alleged violence suffered or feared was or would be on account of such membership.

Petitioner's CAT claim pointed to the prospect of his being tortured by private parties, with government consent or acquiescence, if he is removed to Guatemala. As the agency noted, when Petitioner's mother was raped, law

2

enforcement apprehended the suspect. Although Petitioner testified that the suspect was later released, "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Further, the country reports and news articles that Petitioner submitted to show the likelihood of torture, amount to generalized country conditions evidence, which, without more, does not satisfy the required showing of a particularized threat of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam). Accordingly, substantial evidence supports the BIA's denial of CAT protection.

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED**.