**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA MENDOZA-CAMPOS, | No. 20-73150 |
| Petitioner, | Agency No. A077-441-220 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026[**]
San Francisco, California

Before: M. SMITH and R. NELSON, Circuit Judges, and MORRIS,[***] District
Judge.

Petitioner Maria Mendoza-Campos, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) order dismissing an appeal

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Brian M. Morris, Chief United States District Judge
for the District of Montana, sitting by designation.

from a decision by an Immigration Judge (IJ), which denied her application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review the decision of both the BIA and the IJ, to the degree that the BIA adopted the IJ's conclusions. *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019). We review legal conclusions de novo and factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Petitioner's opening brief does not dispute and raises no challenge to the agency's denial of asylum and withholding of removal based on her conviction of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B). Therefore, by failing to address it in her opening brief, Petitioner has forfeited the issue. *See, e.g., Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021); *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1126 n.1 (9th Cir. 2012).

But even if the issue were properly before us, the result would be the same. An alien is ineligible for withholding of removal if "the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii). Here, it is undisputed that—after

2

causing a head-on collision on a California freeway—Petitioner was convicted of driving under the influence (DUI) causing bodily injury to another. Cal. Veh. Code § 23153(b). "While driving under the influence is not statutorily defined as an aggravated felony, the BIA may determine that this offense constitutes a particularly serious crime on a case-by-case basis." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015) (cleaned up). "Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence." *Id.* at 1077 (cleaned up). "We may not reweigh the evidence and reach our own determination about the crime's seriousness." *Id.*; *see also Anaya-Ortiz v. Holder*, 594 F.3d 673, 679–80 (9th Cir. 2010) (this court has no jurisdiction to reweigh the BIA's determination that DUI causing injury under California law is a particularly serious crime). Even if the issue were properly before us, Petitioner is ineligible for withholding of removal, as the agency properly found that her conviction constitutes a particularly serious crime.

2. The agency's determination that Petitioner is not entitled to protection under the Convention Against Torture (CAT) also is supported by substantial evidence. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). To qualify for CAT relief, Petitioner must show that it is "more likely than not" that "she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is a term reserved for extreme cruel and inhuman treatment that results in

severe pain or suffering." *Singh v. Bondi*, 130 F.4th 1142, 1156 (9th Cir. 2025) (cleaned up). Torture also must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Finally, "the risk of torture must be particularized to the individual," not a generalized risk. *Singh*, 130 F.4th at 1156.

Petitioner's claims are essentially limited to fears of former romantic partners by whom she was harmed. But these alleged abusers either now live in the United States or have made no attempts to contact the Petitioner in years. Petitioner also states fears of generalized violence, "machismo" culture, and crime in Mexico. This is not enough.

Petitioner has failed to demonstrate how the harm suffered meets the definition of torture or is likely to reoccur, how the Mexican government would instigate or acquiesce to her mistreatment, or how generalized evidence of "machismo" and crime in Mexico evince any particularized risk of harm to her. To qualify for CAT protection, Petitioner must "establish that it is more likely than not that . . . she would be tortured if removed to [Mexico]." 8 C.F.R. § 1208.16(c)(2)). And the source of the torture is relevant, as Petitioner has the burden to "demonstrate that it was more likely than not that [s]he would face torture with the consent or acquiescence of the [Mexican] government." *Sarkar v. Garland*, 39 F.4th 611, 617

4

(9th Cir. 2022).  Further, "[an alien's] generalized evidence of violence and crime in Mexico is not particular to [the alien] and is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).  "Where [aliens] have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden [to show a likelihood of future torture]."  *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).  Petitioner has not met her burden, and the agency's denial of CAT relief is supported by substantial evidence.

**PETITION DENIED.**