**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARLENE LOPEZ-MENDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1296

Agency No.
A208-749-505

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2026[**]
San Francisco, California

Before: GOULD, M. SMITH, and R. NELSON, Circuit Judges.

Petitioner Marline Lopez-Mendez, a native and citizen of El Salvador, seeks

review of a decision by the Board of Immigration Appeals (BIA) dismissing her

appeal from an Immigration Judge's (IJ) denial of her application for asylum,

withholding of removal, and protection pursuant to the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Our review is limited to the BIA's decision and those aspects of the IJ's decision that the BIA expressly adopts. *See Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023). We review the BIA's legal conclusions de novo and the IJ's factual findings for substantial evidence. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). A finding "is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Id.* (internal quotation omitted).

1.    Substantial evidence supports the BIA's finding that Petitioner has not established that she is more likely than not to be tortured upon her return to El Salvador. *See* 8 C.F.R. § 1208.16(c)(2). While Petitioner's niece's boyfriend, Arnoldo, threatened to kill Petitioner's entire family, Petitioner's partner still lives in the neighborhood and her daughters live an hour away. Nothing in the record suggests that they have had an issue with Arnoldo or the "Mara 18" gang since Petitioner left. Likewise, substantial evidence supports the IJ's finding that Petitioner could "safely and reasonably relocate to the town in which her daughters live to avoid future harm." *See* 8 C.F.R. § 1208.16(c)(3)(ii).

We reject Petitioner's argument that the agency did not consider the broader threat from other gangs in El Salvador separate from Arnoldo and the local gang members. The IJ specifically found that Petitioner's "fear of general crime and

violence, separate from Arnaldo and the local M-18 gang," was "insufficient to meet her burden on any of these grounds, including torture." And the BIA "[o]verall" affirmed the IJ's finding "given [Petitioner's] specific circumstances." The agency is not required to "engage in a lengthy discussion of every contention raised by a petitioner." *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022).

2.      The BIA did not err by affirming the IJ's finding that Petitioner did not suffer harm rising to the level of past persecution.[1] *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). While death threats alone may constitute harm rising to the level of persecution, *Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000), we also consider whether the threats are "specific and menacing" and whether they are "accompanied by evidence of violent confrontations, near-confrontations and vandalism," *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004). Petitioner has not demonstrated that Arnoldo's unfulfilled threats rise to the level of "suffering or harm" that constitutes actual persecution. *See Lim v. INS*, 224 F.3d 929, 936–37 (9th Cir. 2000). While Arnoldo threatened Petitioner three

---

[1] There is an intra-circuit split on the standard of review that we must use to evaluate the agency's determination that a particular set of facts does not rise to the level of persecution. *See Singh*, 57 F.4th at 651–52. In the past, we have reviewed such determinations de novo, and we have also reviewed for substantial evidence. *Id.* We do not resolve the split here because Petitioner has failed to establish that she suffered harm rising to the level of past persecution pursuant to either standard.

times, Petitioner was not physically harmed, nor were members of her family. *See Singh*, 57 F.4th at 654.

3.      The BIA did not err in its analysis of Petitioner's risk of future persecution. The BIA provided sufficient analysis of this issue to make clear that it "consider[ed] the issues raised." *Hernandez*, 52 F.4th at 768 (internal quotation marks omitted). And substantial evidence supports its conclusion that Petitioner has not established an objectively reasonable fear of future persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). The BIA acknowledged Petitioner's assertion that "background evidence regarding the impact of gang violence and police corruption on women in El Salvador corroborates her claim of a reasonable possibility of future persecution." But it affirmed the IJ's finding that Petitioner's "fear of general crime and violence, separate from Arnaldo and the local M-18 gang" was "insufficient to meet her burden on any of these grounds." The record does not compel a conclusion otherwise. *See Kumar v. Gonzales*, 444 F.3d 1043, 1054 (9th Cir. 2006). Regardless, Petitioner's claim fails because the BIA affirmed the IJ's finding that Petitioner could safely and reasonably relocate within El Salvador to avoid future persecution. *See Duran-Rodriguez*, 918 F.3d at 1029. Petitioner does not challenge this finding, which is dispositive of her claims for asylum and

withholding of removal.[2]  *See id.* at 1029 n.2.  The question of relocation is also dispositive of Petitioner's persecution claims based on her political opinion.  *Id.*

**PETITION DENIED.**  Petitioner's motion to stay removal, Dkt. 3, is **DENIED** as moot.  The temporary stay of removal, Dkt. 3, shall dissolve upon issuance of the mandate.

---

[2] "A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal." *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016).

25-1296